GILBERT F. ROBBINS *et ux.,* Appellants, *vs.* COLLINS M. TAFFT.

The provision of Gen. Stat. R. I. cap. 169, § 1, that all applications to Probate Courts shall be in writing, is directory only, and a written application is not essential to the jurisdiction of a Probate Court.

APPEAL from the Probate Court of Burrillville.

*February* 16, 1878. POTTER, J. The question raised in this case is whether the provision of Gen. Stat. R. I. cap. 169, § 1, that all applications to the Court of Probate shall be in writing, requires a written application to give the court jurisdiction, or whether the provision is to be considered as directory only.

The provision was first enacted in 1857. Before that time, when wills or accounts were presented, the court often, and in some towns generally, took jurisdiction without any written request, and proceeded to act on them, and to order the usual notice. In many cases the party who is obliged by law to present a will may have no interest in proving it or may have even an adverse interest.

We think the language of the statute should be very plain to that effect before we could construe it to be the intention of the General Assembly to make a written application essential to the jurisdiction of Probate Courts. To construe the statute so now would probably give rise to a great deal of litigation, and render void much that has been done.

We think the more reasonable construction is to consider it as directory only.

But while we hold that an application in writing is not in itself necessary to jurisdiction, it should nevertheless be understood that the facts necessary to give the court jurisdiction should in some manner appear in the proceedings.

*Order accordingly.*